IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **SIXTO LOPEZ LAINES,** | ) | CASE NO. 7:11CV00546 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | |
| | ) | |
| | ) | |
| **MS. G. BAKER, ET AL.,** | ) | By:  Hon. Glen E. Conrad |
| | ) |     Chief United States District Judge |
| **Defendant(s).** | ) | |

Sixto Lopez Laines, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials violated his constitutional rights by refusing to reclassify him to a lower security level prison housing assignment. The court finds that these allegations fail to provide factual basis for any possible claim actionable under § 1983. Accordingly, the court dismisses Laines' action without prejudice as legally frivolous.

**I**

Laines' submissions indicate the following facts and allegations related to his claims. Laines arrived at Wallens Ridge State Prison in August 2008. In August 2011, prison officials conducted Laines' annual review, and he was not happy with the outcome. After the hearing, the report that issued stated:

> Recommend to remain security level 5 and remain GCA 3. Offender scores 29 security points . . . . Offender has 26 life sentences to serve and has been incarcerated for 3 years. He has received 1 infraction this year and spent 1 month in segregation. He enrolled in DCE (BOOK) one month ago and is on the waiting list for Plaza Communitari. He has not worked. He needs to exhibit positive institutional adjustment before being considered for transfer to a lower level.

(ECF No. 1-1, at 3.) The administrative reviewers agreed with the hearing officer's assessment and approved this recommendation for no change in Laines' security classification. Laines filed

a claim about his annual review through all levels of the grievance procedure, but was unsuccessful at achieving any change in his security classification.  He now brings suit against his prison counselor and the warden, claiming that their actions in refusing to lower his security classification deprived him of constitutional rights.[1]  He seeks monetary damages.

## II

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988).  The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  After a review of the allegations, the court concludes that they fail to allege facts stating any plausible claim actionable under § 1983.

When a defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of the sentence.  Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).  For example, inmates have no constitutional right to be housed in any particular prison or in a prison with less restrictive conditions.  Meachum v. Fano, 427 U.S. 215, 224 (1976).

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.

---

[1] Laines also states that as a "Spanish Mexican" illegal immigrant, he does not speak English well.  Although he has just started taking classes in prison, he is having difficulty because he does not have access to sufficient education materials in both English and Spanish

2

Id. at 224-25.  Moreover, an inmate's place of confinement is necessarily subject to the broad discretion of those parties managing the prison.  Gaston, 946 F.2d at 343.

Nevertheless, confinement does not strip inmates of all liberty interests, and state prison regulations may create liberty interests.  Id.  Such liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Courts have found, however, that Virginia's classification scheme governing prisoners' custody, security, and good conduct earning levels does not create a liberty interest, since an inmate's status in each of these areas is subject to change, based on his own behavior and the discretion of prison officials.  Oliver v. Powell, 250 F. Supp. 2d 593, 605 (E.D. Va. 2002); Garrett v. Angelone, 940 F. Supp. 2d 933, 943 (W.D. Va. 1996).

Under these principles, plaintiff's allegations fail to state any constitutional claim actionable under § 1983.  First, Laines has no independent constitutional right to be housed in a prison facility of any particular security level.  Therefore, the defendants' actions in refusing to recommend that Laines be transferred to a lower security housing assignment do not give rise to any constitutional claim actionable under § 1983.  Second, Virginia's security classification system does not create for Laines any federally protected liberty interest in being housed in a particular prison or in having a particular security classification, which means that he also has no federal due process right to any particular procedural protection during the classification review process.  As such, Laines had no constitutionally protected right for officials to conduct his

annual review in any particular way, based on any particular factors, or in keeping with any particular prison procedure.

For the reasons stated, the court concludes that Laines' allegations do not provide a factual basis for any possible claim actionable under § 1983. Therefore, the court will dismiss Laines' complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of November, 2011.

                */s/ Glen E. Conrad*
                Chief United States District Judge